## THE J. S. WOODWARD.

*(District Court, N. D. New York.    March 5, 1881.)*

1. CANAL-BOATS — LIBEL FOR WAGES — REV. ST. § 4251 — ENROLLMENT ACT OF 1793 — ACT OF APRIL 18, 1874.

   Section 4251 of the Revised Statutes, (9 St. 38,) which provides that "no canal-boat, without masts or steam-power, which is required to be registered, licensed, or enrolled and licensed, shall be subject to be libelled in any of the United States courts for the wages of any person who may be employed on board thereof, or in navigating the same," is not abrogated by the act of April 18, 1874, (18 St. 31,) which provides that the enrollment act of 1793 (1 St. 305) shall not be so construed as to extend the provisions of the latter act to such canal-boats.—[ED.

In Admiralty.

*Williams & Potter*, for libellant.

*Davis & Clinton*, for respondents.

WALLACE, D. J.    This libel has been filed upon the erroneous assumption that an exemption from seizure upon process *in rem* in the courts of the United States, conferred by the act of July 20, 1846, upon all canal-boats liable to such process, has been abrogated by the act of April 18, 1874, in construction of the enrollment act of 1793.

In 1846, by the accepted construction of the enrollment act of 1793, all canal-boats which were employed on navigable waters were required to be enrolled and licensed.

In 1845 (act of February 26) jurisdiction in admiralty was extended over vessels of 20 tons burden and upwards, enrolled and licensed for the coasting trade, employed in commerce upon the lakes and navigable waters connecting the lakes.    Thus, in 1846, all canal-boats which, from the char-

acter of the navigation in which they were employed, were subject to be libelled in admiralty, were required to be enrolled and licensed. It was then deemed expedient to abrogate the remedy *in rem* for wages, and apt words were employed in the act of July 20, 1846, to abrogate it as to all canal-boats without sails or steam-power which were liable to be libelled. From that time to this it has never been supposed that any ordinary canal-boat could be libelled for wages. The act of 1846 abrogates the remedy by libel as to all such canal-boats without masts or steam-power, describing the class to consist of such as "are *now* by law required to be enrolled," etc., thus excluding the inference that any future modification of the enrollment act should affect the exemption. This language is broad enough to comprehend all canal-boats which could properly be libelled.

Section 4251 of the Revised Statutes of the United States is a re-enactment of this act of 1846. There had been no alteration of the enrollment act from 1846 to the time of the revision of the statutes in any way affecting the exemption, consequently the terms of description of the class exempted, used in 1846, were just as appropriate in 1873. Reading section 4251 in the light thus thrown upon its meaning, it exempts from being libelled for wages any canal-boat of the class which at the time of the revision of the statutes was required to be enrolled and licensed. It is not claimed this canal-boat is not within that class.

The libel is dismissed, with costs.